[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 21, 2007
THOMAS K. KAHN
CLERK

No. 07-11405

D. C. Docket No. 05-01145-CV-ORL-31-DAB

EDMOND MENARD,

Plaintiff-Appellee,

versus

HARTFORD LIFE AND ACCIDENT  INSURANCE COMPANY,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Florida

**(December 21, 2007)**

Before DUBINA and KRAVITCH, Circuit Judges, and GOLDBERG,[*] Judge.

PER CURIAM:

_____

[*] Honorable Richard W. Goldberg, Judge. United States Court of International Trade, sitting by designation.

Appellant Hartford Life and Accident Insurance Company ("Hartford Life") appeals the district court's judgment in favor of appellee's, Edmond Menard ("Menard"), continued benefits under the applicable ERISA-based group insurance policy. Hartford Life argues that the district court erred in considering a social security administration determination outside of the administrative record. Specifically, Hartford Life requests that this Court reverse and remand the district court's decision for further proceedings without reference to this extra-record evidence.

We review *de novo* a district court's ruling on a motion for summary judgment "applying the same standards that governed the district court's decision." *Williams v. BellSouth Telecomms., Inc.*, 373 F.3d 1132, 1133 (11th Cir. 2004). When, as in this case, an ERISA policy administrator has made a denial decision with reasonable support in the record, but also has a conflict of interest, heightened arbitrary and capricious review applies. *Torres v. Pittston*, 346 F.3d 1324, 1334 (11th Cir. 2003).

Under heightened arbitrary and capricious review, evidence outside of the administrative record cannot be used to reverse an ERISA plan administrator's denial decision. *Jett v. Blue Cross & Blue Shield of Ala.*, 890 F.2d 1137, 1139-40

(11th Cir. 1989). In this case, Hartford Life issued its final denial decision on June 29, 2005. The social security administration determination relied upon by the district court was not issued until July 10, 2006, and was clearly outside of the administrative record Hartford Life considered when it denied Menard continued benefits. Accordingly, after reviewing the record, reading the parties' briefs, and having the benefit of oral argument, this Court reverses and remands this case to the district court. On remand, the district court should confine its review to the administrative record before Hartford Life at the time of its final denial decision.

Hartford Life also argues the district court committed further error in awarding attorney fees. Because the district court did not provide any explanation for awarding attorney's fees, we cannot determine from the record whether the district court properly exercised its discretionary authority. On remand, if the district court still finds that Menard is entitled to policy benefits, we further instruct the court to explain and set forth the basis of any award of attorney's fees consistent with *Wright v. Hanna Steel Corp.*, 270 F.3d 1336 (11th Cir. 2001). **REVERSED** and **REMANDED.**